CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 14 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JACOB D. PEYTON, | ) | CASE NO. 7:14CV00221 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| COMMONWEALTH OF VIRGINIA, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Jacob D. Peyton, a Virginia inmate proceeding pro se, has submitted a pleading entitled "RULE 60 MOTION," asking this court to vacate a recent ruling by the Supreme Court of Virginia. Because Peyton's allegations as a whole sought to void the unidentified state court criminal judgment under which he is currently incarcerated, the court docketed his pleading as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Upon review of the records, however, the court concludes that his petition, by whatever name, must be summarily dismissed for failure to state any ground for relief.[1]

Specifically, Peyton relies on Rule 60 (b) of the Federal Rules of Civil Procedure as authority by which he seeks an order from this court vacating the Supreme Court of Virginia's ruling in Record No. 131535, which refused his appeal from the Augusta County Circuit Court's denial of his unidentified civil petition, CL13001632. Peyton asserts that the criminal judgment is void because insufficiency of the allegations in the indictment rendered the Circuit Court without subject matter jurisdiction to try petitioner.

---

[1] Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Lower federal courts, like this one, do not have jurisdiction to conduct appellate review of any state court's judgment. Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997). Jurisdiction for appellate review of state court judgments lies exclusively with superior state courts and, ultimately, with the United States Supreme Court. Id.; 28 U.S.C. §1257. But see id. at 732 (recognizing lower federal courts' jurisdiction to review final judgments of state courts in federal habeas corpus proceedings under § 2254).[2] Therefore, to the extent that Peyton seeks to pursue an appeal in this court from a ruling by the Supreme Court of Virginia, he states no ground for relief.

Peyton also has no ground for direct relief from a state court judgment under Rule 60(b). These rules, by their own terms, only "govern the procedure in all civil actions and proceedings in the United States district courts. . . ." Fed. R. Civ. P. 1. Therefore, these rules cannot provide a vehicle by which a litigant may seek relief from any state court ruling whatsoever, criminal or civil.

Because Peyton's allegations in this petition do not state any ground on which he is entitled to relief in this court, his petition must be summarily dismissed. An appropriate order will enter this day.

---

[2] To the extent that Peyton intends to seek release from incarceration under the 2008 judgment of the Augusta County Circuit Court convicting him of breaking and entering and grand larceny, his present petition would be properly construed and summarily dismissed as a successive § 2254 petition. Court records indicate that Peyton has already pursued § 2254 relief regarding this judgment. See Peyton v. Clark, Case No. 7:12CV00574 (W.D. Va. 2013), appeal dismissed, No. 13-7658 (4th Cir. 2014). Thus, Peyton's current petition is a subsequent one, falling under the prohibition in 28 U.S.C. § 2244(b) against a second or successive petition.

Pursuant to § 2244(b), a federal district court may consider a second or successive § 2254 petition only if petitioner secures specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the petition meet certain criteria. § 2244(b)(3). Peyton does not demonstrate that he has obtained such certification by the Court of Appeals.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 14th day of May, 2014.

/s/ Glen Conrad
Chief United States District Judge